IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY SR., | ) | 8:09CV257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPARTMENT OF HEALTH & | ) | |
| HUMAN SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

     Plaintiff filed his Complaint in this matter on July 31, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

     Plaintiff filed his Complaint on July 31, 2009, against the Nebraska Department of Health and Human Services ("DHHS").[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

     Condensed and summarized, Plaintiff alleges that DHHS Case Manager Angela Ertzner forced him sell his "furniture and other belongings" because his family moved from a three-bedroom home to a one-bedroom apartment. (*Id*. at CM/ECF pp. 5, 8.) Plaintiff alleges DHHS had no right to "make [him] sell [his] things." (*Id*. at

---

[1] The court liberally construes "Department of Health and Human Service" to mean Nebraska Department of Health and Human Services.

CM/ECF p. 7.) Plaintiff seeks monetary damages in the amount of $13,000.00. (*Id.* at CM/ECF pp. 7-8.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff names DHHS, a state instrumentality, as a Defendant. (Filing No. 1 at CM/ECF p. 1.) In addition, Plaintiff seeks only monetary damages. (*Id.* at CM/ECF pp. 7-8.) As discussed above, the Eleventh Amendment bars claims for damages against state instrumentalities absent a waiver of immunity or an override of immunity by Congress. No waiver or override applies here. Accordingly, Plaintiff's claims against DHHS are dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3

September 9, 2009.               BY THE COURT:

                                 *Richard G. Kopf*
                                 United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.